# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# In Admiralty

Case No.:

THE CINCINNATI CASUALTY
COMPANY

    Plaintiff,

v.

SIM-BELL, LLC, and GARY
SIMMONS, Individually,

    Defendants.                               /

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, THE CINCINNATI CASUALTY COMPANY ("Cincinnati"), hereby files this Complaint and sues the Defendants, SIM-BELL, LLC ("Sim-Bell") and GARY SIMMONS ("Simmons") (Sim-Bell and Simmons collectively, the "Insureds"), for Declaratory Judgment and, in support thereof, allege as follows:

## JURISDICTION AND VENUE

1. This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201.

2. Plaintiff designates this as an admiralty and maritime cause within the meaning of Fed. R. Civ. P. 9(h). This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1333, as it involves a dispute regarding a marine insurance contract.

Plaintiff invokes the provisions of Rule 9(h), 38(e), and 82 of the Federal Rules of Civil Procedure.

3. Venue is proper within the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because the insured resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

4. All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been complied with.

5. Pursuant to the requirements of 28 U.S.C. § 2201 and Article III, Section 2 of the United States Constitution, a case or controversy exists and has existed between the Parties since the beginning of this action, such that an action for declaratory judgment is ripe and appropriate.

## **PARTIES**

6. At all times material to this action, Cincinnati is and was a corporation organized and existing under the laws of the State of Ohio, with an office and principal place of business in the State of Ohio.

7. At all times material to this action, Sim-Bell is and was a limited liability company organized under the laws of the State of Florida with its principal place of business in the State of Florida.

8. At all times material to this action, Simmons is and was an individual residing in the State of Florida.

## FACTUAL ALLEGATIONS

9. This matter involves a marine insurance claim arising from a lightning strike to the Insureds' vessel, a 2022 70' Sunseeker, with hull identification number XSK07714H122 (the "Vessel"), on or around September 3, 2025 (the "Incident").

10. The Insureds sought coverage for damages to the Vessel arising from the Incident under a Capstone Yacht Policy issued by Cincinnati, policy number W01-1112272, with policy period of January 11, 2025, through January 11, 2026 (the "Policy"). *See* Policy attached hereto as **Exhibit A**.

11. The Policy lists both Sim-Bell, LLC and Gary Simmons as Named Insureds. *Id.*, p. 1.

12. The Policy provides $2,800,000 in hull coverage, subject to a $28,000 deductible. *Id.*, p. 3.

13. The Policy also provides, in relevant part, as follows:

> **CONCEALMENT OR FRAUD**
>
> "We" do not provide coverage for a person who has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance.
>
> \* \* \* \* \*

*Id.*, p. 31.

14. When applying for insurance, Simmons initially provided an unsigned application form (the "Initial Unsigned Application") dated December 5, 2022, listing *only Simmons* as the titled insured, listing Prior Vessels Owned as "Carver 52, Silverton 40, Sea Ray 31" and answering "None" to the application's inquiry for Any Losses. An excerpt of the Initial Unsigned Application is included below (highlighting added):

| Date: 12/5/2022 | X New Purchase  ☐ Renewal | Referred by/Program: |
|---|---|---|
| Titled Insured/LLC: GARY SIMMONS | | Phone: 612-961-0785 |
| Beneficial Owner: GARY SIMMONS | Dob: 10/20/1949 | Occupation: |
| Mailing Address: 41810 GRIFFIN BLVD, FORT MYERS, FL 33908 | | |
| Email: GARYKSIMMONS@AIM.COM | Years of Ownership: 50 | Years Operating: 50 |
| Prior Vessels Owned: CARVER 52, SILVERTON 40, SEA RAY 31 | | |
| Any Losses (if none state "none"): NONE | Loss Details: | |
| Yacht Name: | Builder: SUNSEEKER | Model: 68 |

*See* the Initial Unsigned Application attached hereto as **Exhibit B**.

15. In order to bind coverage, the Insureds provided a signed application dated January 10, 2023 (the "Final Signed Application"), which lists the titled insured as Sim-Bell, LLC and the beneficial owner as Gary Simmons. *See* the Final Signed Application attached hereto as **Exhibit C**.

16. The Final Signed Application also lists Prior Vessels Owned as "Carver 52, Silverton 40, Sea Ray 31" and responds "None" to the inquiry for Any Losses. An excerpt of the Final Signed Application is included below (highlighting added):

4

| Date: 12/5/2022 | X New Purchase ☐ Renewal | Referred by/Program: |
|---|---|---|
| Titled Insured/LLC: GARY SIMMONS X SIM-BELL, LLC | | Phone: 612-961-0785 |
| Beneficial Owner: GARY SIMMONS   Dob: 10/20/1949 | | Occupation: |
| Mailing Address: 41810 GRIFFIN BLVD, FORT MYERS, FL 33908 | | |
| Email: GARYKSIMMONS@AIM.COM | Years of Ownership: 50 | Years Operating: 50 |
| Prior Vessels Owned: CARVER 52, SILVERTON 40, SEA RAY 31 | | |
| Any Losses (if none state "none"): NONE | Loss Details: | |
| Yacht Name: DELICIA | Builder: SUNSEEKER | Model: 68 |

*Id*.

17. The Final Signed Application contains the following language: "If accepted by this company, it is agreed the information furnished herein shall be the basis of the contract should a policy be issued." *Id*.

18. In addition, in response to Cincinnati's inquiry regarding the post-Hurricane Ian condition of the dock and canals where the Vessel would be moored, the Insureds' agent responded via email that "The vessel is moored at the insured's home dock. There was no damage suffered in this area from IAN at all." An excerpt of the January 11, 2023 Email is included below:

- Signed application – Needs to match coverages exactly
- Beneficial owner's nationality – US American
- Confirmation no surface / Arneson drives – No surface drives
- FT captain's resume - approved
- Engine model – Thanks!
- Engine serial numbers – Thanks!
- Hurricane plan – Captain is completing
- Confirmation dock is complete repaired post-Ian and all the waters in the canals around the residence are clear of all debris from storm. The vessel is moored at the insureds home dock. There was no damage suffered in this area from IAN at all.  I can confirm all canals around the residence are clear of debris from the storm.

*See* January 11, 2023 Email Chain attached hereto as **Exhibit D**.

5

19. Simmons made a claim for a September 28, 2022, hurricane loss to a 2018 23' Grady White vessel owned by Simmons (the "Grady White Claim"). *See* ISO Claim Search attached hereto as **Exhibit E**.

20. The Grady White Claim was submitted in October 2022—only 2 months prior to submitting the Initial Unsigned Application and 3 months prior to submitting the Final Signed Application. *Id*.

21. The Grady White Claim listed the location of loss as Simmons' residence—the same mooring location as the mooring location of the Vessel listed on the Insureds' Applications. *Id*.

22. Simmons continued pursuing the Grady White Claim through June 2023, at which time the claim was paid and closed.

23. Cincinnati now files this action seeking a judicial determination that the Policy provides no coverage to the Insureds for the Incident.

### COUNT I – BREACH OF GENERAL CONDITION REGARDING CONCEALMENT OR FRAUD

24. Cincinnati reasserts and realleges the allegations contained in paragraphs 1-23 above as if fully set forth herein.

25. The Policy contains a Concealment or Fraud provision that states that "'We' do not provide coverage for a person who has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance." *See* **Ex. A**, p. 31.

26. In the Initial Unsigned and Final Signed Applications, the Insureds represented to Cincinnati that they had no prior losses. *See* **Ex. B**, p. 1 and **Ex. C**, p. 1.

27. However, when submitting the Initial Unsigned and Final Signed Applications, the Insureds knew that Simmons had recently experienced a hurricane loss as outlined in Simmons' Grady White Claim.

28. The Insureds intentionally concealed and/or misrepresented the Grady White Claim on both the Initial Unsigned and Final Signed Applications by omitting the 2018 Grady White vessel from the list of Prior Vessels Owned and by answering "None" to the inquiry for "Any Losses." *See* **Ex. B**, p. 1 and **Ex. C**, p. 1.

29. The Policy was issued pursuant to the information provided by the Insureds in the Initial Unsigned and Final Signed Applications as well as the email communications from the Insureds' agent.

30. A prudent and intelligent underwriter would have considered the Grady White Claim to be material.

31. Cincinnati would not have issued the Policy, would not have issued it at the same premium, or would not have issued it on the same terms and/or conditions, had Cincinnati known any one or any combination of the facts set forth above, or others to be established in the course of discovery.

32. Therefore, the Insureds breached the Concealment or Fraud General Condition and there is no coverage for the Incident for either Insured.

WHEREFORE, Cincinnati respectfully requests this Honorable Court to adjudge and declare that Sim-Bell, LLC and Gary Simmons breached the Concealment or Fraud provision of the Policy, and that as a result there is no coverage for either Defendant for the Incident. Cincinnati further requests such other and further relief as this Court may deem just and appropriate under the circumstances.

Dated: February 12, 2026

Respectfully submitted,

**DAVANT LAW, P.A.**
*Attorneys for Cincinnati*
100 Northeast Third Avenue, Suite 440
Fort Lauderdale, FL 33301
Telephone: (954) 414-0400

By: */s/ Charles S. Davant*
Charles S. Davant (Lead Counsel)
Florida Bar No. 15178
csd@davantlaw.com
Christina R. Coizeau
Florida Bar No. 1029105
crc@davantlaw.com